**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

─────────────────────────────────────────

**MICHAEL S. OAKEY,**

                              **Plaintiff,**

              **v.**                                              **1:03-CV-2373**
                                                                      **(FJS)**

**US AIRWAYS PILOTS DISABILITY**
**INCOME PLAN,**

                              **Defendant.**[1]

─────────────────────────────────────────

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **MILLER & CHEVALIER, CHARTERED** | **ANTHONY F. SHELLEY, ESQ.** |
| 655 15th Street NW | **TIMOTHY O'TOOLE, ESQ.** |
| Suite 900 | |
| Washington, D.C. 20005-5701 | |
| Attorneys for Plaintiff | |
| | |
| **LATHAM & WATKINS, LLP** | **EVERETT C. JOHNSON, JR., ESQ.** |
| 555 11th Street NW | **G. ANDREW LUNDBERG, ESQ.** |
| Suite 1000 | |
| Washington, D.C. 20004-1300 | |
| Attorneys for Defendant | |
| | |
| **O'MELVENY & MYERS LLP** | **MARK W. ROBERTSON, ESQ.** |
| Times Square Tower | |
| 7 Times Square | |
| New York, New York 10036 | |
| Attorneys for Defendant | |

**SCULLIN, Senior Judge**

─────────────────────

[1] Although the actual caption of this action is *Boivin v. US Airways, Inc.*, because the only Plaintiff remaining is Michael Oakey and the only remaining Defendant is US Airways Pilots Disability Income Plan, the Court has used the names of these parties in the caption.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 95. The Court heard oral argument in support of, and in opposition to, this motion on March 13, 2012. At the conclusion of the argument, the Court orally granted Defendant's motion and advised counsel that it would issue a written decision setting forth the reasons for its determination.

### II. BACKGROUND

While Plaintiff was an active employee of US Airways, as a pilot, he became disabled due to suffering leukemia. *See* Dkt. No. 90, Second Amended Complaint, at ¶ 14. The Pilot Retirement Board of US Airways, a body associated with the 1975 Disability Plan, approved Plaintiff's application for disability benefits effective January 30, 2002. *See id.* at ¶ 15 & Exhibit "2" attached thereto. On January 9, 2003, US Airways notified Plaintiff that he would be furloughed as of February 4, 2003. *See id.* at ¶ 17 & Exhibit "4" attached thereto. On March 11, 2003, ING, the third-party claims administrator of the 1975 Disability Plan, sent Plaintiff a letter notifying him of the termination of his disability benefits. *See id.* at ¶ 18 & Exhibit "5" attached thereto. On August 1, 2003, Plaintiff retired from US Airways. *See id.* at ¶ 30. At the time he retired, Plaintiff had not attained normal retirement age but had to take a reduced retirement benefit under an early retirement option to ensure some income after his disability benefits were terminated and to preserve his health benefits. *See id.*

In his second amended complaint, which contains only one cause of action, Plaintiff

states that he "brings this action to recover benefits due to him under the terms of a disability plan governed by the Employee Retirement Income Security Act of 1974 . . . and for other equitable relief necessary to remedy the plan's illegal and wrongful actions." *See id.* at "first unnumbered paragraph." He further states that "the Court has subject matter jurisdiction pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1)." *See id.* at ¶ 3.


## III. DISCUSSION

To resolve this motion, the Court must address two issues: (1) whether Plaintiff's claim is subject to the Railway Labor Act ("RLA") and (2), if so, whether his claim constitutes a major or minor dispute under the RLA.

The RLA establishes mandatory procedures for resolving disputes within its coverage. In 1936, Congress extended the RLA to air carriers, *see* 45 U.S.C. § 184, and required those "carriers and their employees, acting through their representatives, to establish system boards of adjustment" to resolve disputes between air carriers and their employees "over the interpretation and application of the parties' collective bargaining agreement[s]." *Bonin v. Am. Airlines, Inc.*, 621 F.2d 635, 637-38 (5th Cir. 1980) (citation and footnote omitted). "These system boards of adjustment are the 'mandatory, exclusive, and comprehensive system for resolving grievance disputes.'" *Id.* at 638 (quotation omitted).

In 1974, Congress enacted the Employee Retirement Income Security Act ("ERISA") to address the explosion of employee pension plans. Despite its express provision allowing plaintiffs to bring suits over the coverage and application of pension plans in federal court, "ERISA was not intended to, nor did it, preempt the mandatory arbitration provisions of the

Railway Labor Act." *Id.* (citation omitted).  This conclusion finds support in the express statutory provision that ERISA should not be construed "to alter, amend, modify, invalidate, impair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law." 29 U.S.C. § 1144(d).

"The RLA's mandatory arbitration procedures apply only to issues arising out of the interpretation of the collective bargaining agreement and not to independent statutory claims under ERISA." *Everett v. USAir Group, Inc.*, 927 F. Supp. 478, 482 (D.D.C. 1991) (citations omitted).  "Contractual 'doubts about the arbitrability of issues[, however] should be resolved in favor of coverage.'" *Id.* (quotation omitted).  Finally, if the court determines that a dispute is mandatorily arbitrable under the RLA, it lacks jurisdiction to consider it.  *See id.*

In this case, Plaintiff argues that his claim is not subject to the RLA because the Court's resolution of his claim does not require the Court to interpret the 1975 Disability Plan but rather requires the Court simply to determine whether the 1975 Disability Plan or the 1997 Restatement, which Plaintiff characterizes as Defendant's unilateral attempt to modify the 1975 Disability Plan, applies to his claim.  Furthermore, Plaintiff concedes that, if the Court finds that the 1997 Restatement applies to his claim, he is not entitled to benefits; however, he asserts that, if the Court determines that the 1975 Disability Plan applies to his claim, he is entitled to benefits.

To support his position, Plaintiff relies, in part, on *Sturge v. Northwest Airlines, Inc.*, 658 F.3d 832, 836 (8th Cir. 2011).  In *Sturge*, the plaintiff conceded that a terminated pilot was not entitled to benefits and that his termination for a violation of his employer's drug policy was proper under the collective bargaining agreement.  He claimed, however, that his employer had

acted with an improper purpose – to retaliate against him for claiming ERISA-protected benefits or to interfere with his receipt of those benefits.

In assessing the plaintiff's claim, the court in *Sturge* noted that courts could "'resolve questions of federal or state law involving labor claims,'" but "'only if the issues d[id] not require the court to construe the collective bargaining agreement.'" *Id.* at 836 (quotation omitted). Furthermore, the *Sturge* court stated that courts could "resolve issues that require[d] mere reference to a collective bargaining agreement." *Id.* (citations omitted). Finally, the court explained that "the RLA d[id] not deprive courts of jurisdiction to decide "'purely factual questions" about an employee's conduct or an employer's conduct and motives' that 'd[id] not "requir[e] a court to interpret any term of the collective-bargaining agreement."'" *Id.* at 837 (quotation omitted). Applying these legal principles to the facts before it, the *Sturge* court concluded that the plaintiff's claim was an independent claim under ERISA because the court only had to resolve a purely factual question about the employer's motives.

*Sturge* is easily distinguishable from this case. Although Plaintiff argues that he is asserting an independent ERISA claim because the Court does not have to interpret the 1975 Disability Plan to resolve his claim but only has to determine a factual issue, i.e., whether the 1975 Disability Plan or the 1997 Restatement applies to his claim, the Court disagrees. Unlike the plaintiff in *Sturge*, Plaintiff is not challenging Defendant's motive for denying him disability benefits. Rather, he is claiming that Defendant wrongfully terminated his disability benefits to which he claims he is entitled under the 1975 Disability Plan. Thus, unlike the claim at issue in *Sturge*, Plaintiff's claim requires the Court to interpret the 1975 Plan, as well as past practices under that Plan, and other documents referring to those practices and interpreting that Plan,

including the 1997 Restatement, to the extent it is relevant, to determine whether, under the 1975

Disability Plan, Plaintiff is entitled to the benefits he seeks.  Accordingly, for all these reasons,

the Court concludes that Plaintiff's claim is subject to the RLA.

This conclusion, however, does not end the Court's inquiry.  The Court may still exercise

subject matter jurisdiction over an RLA claim if that claim constitutes a "major" dispute within

the meaning of the RLA.[2]

Under the RLA, major disputes relate to

> disputes over the formation of collective agreements or efforts to
> secure them.  They arise where there is no such agreement or
> where it is sought to change the terms of one, and therefore the
> issue is not whether an existing agreement controls the
> controversy.  They look to the acquisition of rights for the future,
> not to assertion of rights claimed to have vested in the past.

*Elgin, Joliet & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945).

Minor disputes, however, contemplate

> the existence of a collective agreement already concluded or, at any
> rate, a situation in which no effort is made to bring about a formal
> change in terms or to create a new one.  The dispute relates either
> to the meaning or proper application of a particular provision with
> reference to a specific situation or to an omitted case. . . . [T]he
> claim is to rights accrued, not merely to have new ones created for
> the future.

*Id.*

The distinction between major and minor disputes rests on the determination of "whether

---

[2] Under the RLA, whether a dispute is major or minor, the parties have a duty to
negotiate.  *See* 45 U.S.C. § 152; *Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1109 (9th Cir.
1989) (citation omitted).  If the parties fail to resolve the dispute through negotiations, the RLA
provides different procedures on how the parties will proceed to resolve their dispute depending
on whether it is classified as major or minor.  *See id.*

a claim has been made that the terms of an existing agreement either establish or refute the presence of a right to take the disputed action." *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 305 (1989).  Thus, if the court can conclusively resolve the claim by interpreting the existing contract, the dispute is minor.  *See id.* (citation omitted).  In other words, "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement.  Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major."  *Id.* at 307.

Plaintiff asserts that, if the Court finds that his claim is subject to the RLA, the Court should conclude that it constitutes a major dispute because the parties disagree about whether the 1975 Disability Plan or the 1997 Restatement applies to his claim.  Specifically, he claims that, when his disability benefits were terminated because he was furloughed, the only explanation he received from Defendant to support the termination of his benefits was a one page document, the 1997 Restatement, pursuant to which Plaintiff claims Defendant unilaterally attempted to change the terms of the 1975 Disability Plan regarding whether furloughed pilots were entitled to disability benefits.

Defendant, on the other hand, contends that the 1997 Restatement did not change the terms of the 1975 Disability Plan; rather, it merely codified past practices under the 1975 Disability Plan.  To support this contention, Defendant points to the minutes of the May 15, 1991 USAir Pilots Retirement Board meeting and Letter of Agreement ("LOA") 84, which Defendant contends demonstrate that the past practice under the 1975 Disability Plan was not to provide disability benefits to furloughed pilots.

There are several problems with Plaintiff's argument that his claim constitutes a major dispute under the RLA.  First, Plaintiff's claim relates to the application of a particular provision of the 1975 Disability Plan to his specific situation.  As such, his claim is a "garden variety disagreement[] over the interpretation of an existing collective agreement." *Vollmer v. CSX Transp., Inc.*, 705 F. Supp. 1154, 1165 (E.D. Va. 1989) (citation omitted).  Furthermore, "[e]ven if this classification of plaintiff['s] claim[] is in doubt 'courts construe [such] disputes as minor.'" *Id.* (quotation and footnote omitted).

Second, "[u]nder the RLA, the union . . . exclusively controls the prosecution of major disputes. *Id.* at 1164 (footnote omitted); *see also Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1109 (9th Cir. 1989) (holding that, "[b]ecause a major dispute will affect the future of the unit's entire constituency, its resolution lies exclusively within the authority of the employees' collective bargaining representative" (citations omitted)).  Therefore, if this were a major dispute, Plaintiff's union would be the proper plaintiff to sue Defendant, not Plaintiff individually.  Third, unlike Plaintiff's claim which seeks to enforce rights that have previously vested, major disputes "look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past." *Burley*, 325 U.S. at 723.[3]  Finally, under the RLA, "[t]here is a strong presumption in favor of finding a dispute to be minor." *Id.* (citation omitted).

In this case, although Defendant acknowledges that the 1975 Disability Plan does not explicitly state that furloughed pilots are not entitled to disability benefits, it relies on past

---

[3] Even if the Court were to find that Plaintiff's claim constituted a major dispute under the RLA, the Court could not grant Plaintiff the relief he seeks.  Rather, "[i]f the dispute is 'major,' the court may issue an injunction to preserve the status quo while the parties undergo a mandatory period of bargaining and mediation." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 966 F. Supp. 1, 2 (D.D.C. 1997) (citations omitted).

-8-

practices under that Plan, practices, which Defendant argues, are confirmed in the May 15, 1991 minutes of the quarterly meeting of the USAir Pilot Retirement Board: "The Company's policy is that disability payments and disability status will cease upon furlough" and the express language of LOA 84, which Plaintiff's union signed, confirming that furloughed pilots are not eligible for disability benefits.

"[I]t is well established that the parties' 'practice, usage and custom' is of significance in interpreting their agreement." *Consol. Rail Corp.*, 491 U.S. at 311 (quotation omitted). Furthermore, "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the collective-bargaining agreement." *Id.* at 307.  Although in determining whether a dispute is minor under the RLA, the court's "view of the merits" of Defendant's justification is irrelevant, *Air Line Pilots Ass'n, Int'l v. Eastern Air Lines, Inc.*, 869 F.2d 1518, 1521 (D.C. Cir. 1989), it may take a "peek" at Defendant's contractual justification "to determine whether the issue is arguably one of contract interpretation." *Id.* at 1522.  Moreover, "'[w]here the parties disagree over whether the dispute can be resolved by reference to an agreement the dispute is minor unless the claims of contractual justification are "frivolous" or "obviously insubstantial."'" *Id.* (quotation and other citation omitted).

Based on all the evidence in the record, the Court concludes that Defendant has asserted an arguably justifiable reason for terminating Plaintiff's disability benefits under the 1975 Disability Plan, taking the explicit terms of that Plan, as well as past practices under that Plan, into consideration.  Therefore, the Court concludes that Plaintiff's claim constitutes a minor dispute under the RLA, over which the Court does not have subject matter jurisdiction.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, as well as for the above-stated reasons and the reasons that the Court expressed at oral argument, the Court hereby

**ORDERS** that Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: March 19, 2012
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge